Plaintiff's counsel filed the following petition for a rehearing.

The plaintiff in error respectfully prays the court to reconsider the case; find, begs leave to state as a reason why it ought to be reconsidered, that the writ of error is prosecuted, only because the court refused t.o allow him judgment for his costs, and for allowing the defendant judgment for his costs. The action is covenant, upon an indenture of apprenticeship, and it is plain from the writ and declaration that greater damages than fifty dollars would have been recovered, if the defendant had not put in “filed a plea or notice of set off,” to use the words of the statute passed on the 13th of February, 1828, page 228, of session acts of 1827; and, while the plaintiff admits that he would not have been entitled to costs without plea on the defendants part filed, he is at a loss to conjecture, why he should be prevented from judgment for costs, when the defendant filed a plea as the record shows he did, and as he respectfully conceives a notice of set-off too.
This honorable court has heretofore decided, that Under leave to give any special matter in evidence, matter of justification is proper in actions of trespass; and surely, in covenant under the same leave, any matter that could be legally pleaded in bar, may be given in evidence. And any evidence that the apprentice received his freedom dues or so much money instead of clothing, was admissible, and was actually given to the jury as the-court will see; for the whole substance of the testimony is set down.
This case, of itself, is not of that importance to require the reconsideration of the court, but the principle itself which the decision is to establish, induces the attorney for the plaintiff in error to solicit a re-hearing. How many cases of a like character there may be ready to present, he cannot tell; but that there are others, he is sure. And as he is not able to perceive the reason why the plaintiff cannot recover costs in any case where the defendant files a plea, and thereby reduces the sum below fifty dollars, and especially, where the defendant obtains written leave in the state of pleading to dp so, he *118 prays for a re-hearing. H:- is astonished at the decision. And presumes that tiie law itself, the ■pleadings in the cases, or the subdance of the whole evidence as set down must have escaped the attention of the court. And is induced therefore, without seeing the opinion itself, to ask a re-consideration. Believing, upon his honor, that the opinion delivered, is wrong, and will not stand the scrutiny of the court itself when a proper construction is given to the sta-tatute.
Response..